UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ANTHONY-SHANE MARTIN, | ) | Civil Action No. 4:22-cv-2042-HMH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| WELLPATH/CORRECT CARE, ERIN | ) | |
| GAFFNEY, LISA YOUNG, RAY | ) | |
| WALKER, LENOKA GAVIN, | ) | |
| HODIYAH LEWIS, and DR. CARDON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Currently pending before the court are two cases filed by Plaintiff, who is proceeding pro se: the present case, Case No. 4:22-cv-2042-HMH-TER (the 2042 case), and a second case, 4:22-cv-2043-HMH-TER (the 2043 case).  Plaintiff asserts in both cases that Defendants violated his constitutional rights.  Plaintiff originally filed both actions in state court, and Defendants removed them to this Court.  Presently before the Court is Defendants' Motion to Consolidate (ECF No. 13), which Defendants filed in the 2043 case as well.  Plaintiff filed a Response (ECF No. 20) stating he does not oppose the request to consolidate.  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC.

## II.    RELEVANT FACTS

Plaintiff is part of the South Carolina Sexually Violent Predator Treatment Program (SVPTP), and is currently in the custody of the South Carolina Department of Mental Health

(SCDMH) pursuant to the South Carolina Sexually Violent Predator Act, S.C. Cod Ann. § 44-48-10 et al. Pursuant to the Act, the SCDMH and the South Carolina Department of Corrections (SCDC), have entered into an inter-agency agreement whereby the SC SVTP residents are housed in a secure treatment facility located on the campus of the Broad River Correctional Institution (BRCI). See In re Treatment and Care of Luckabaugh, 351 S.C. 122, 136, 568 S.E.2d 338, 345 (2002). The SCDMH contracts with Correct Care Recovery Solutions (CCRS), which is now known as Wellpath, to provide licensed medical and mental healthcare to participants in the SVPTP.[1]

**The 2042 Case**

The 2042 case arises out of a November 5, 2021, incident between Plaintiff and Defendants. Plaintiff alleges that on that date Defendant Young confiscated papers from Plaintiff which included excerpts from legal and medical writings which questioned the authenticity of the SC SVPTP program and civil commitment of sexually violent predators in general. Defendant Young also placed him on wing restriction and served him with a Notice of Violation and Behavior Management document, but did not identify the violation. In February of 2022, Defendant Cardon confiscated from another individual news articles which included topics on "normalizing pedophilia," "taking a different view on pedophilia," and "kinks and crimes." Soon after, Plaintiff was taken before the Behavioral and Management Committee and cited with a G-13 violation of facility rules for having possession of something not authorized. Plaintiff also began drafting a newsletter that he planned to distribute to fellow residents and provided notice to Defendants of his plan to distribute the newsletter. That newsletter, which discussed similar themes found in the previously confiscated articles and papers, was then banned by CCRS staff. In the complaint, Plaintiff argues that this action

---

[1]Though CCRS is now known as Wellpath, because Plaintiff refers to this defendant as CCRS, the undersigned will as well for ease of reference.

is limiting his access to a vital public forum and expression of his views. In a Resident Communication Form, CCRS staff noted that the confiscated papers, articles, and newsletter presented a security concern for the facility. Plaintiff claims that his First and Fourteenth Amendment Rights were violated, and as a remedy asks that the personal papers be returned, an injunction against Defendants be ordered, an admission of guilt be signed by Defendants, and Plaintiff be given the right to continue his newsletter. See Compl. (ECF No. 1-1 in the 2042 case).

**The 2043 Case**

In the 2043 case, Plaintiff complains that CCRS unlawfully denies access to the internet to all participants in the SVPTP. Specifically, Plaintiff questions whether this restriction serves SVPTP's goal of reducing recidivism and promoting rehabilitation. He acknowledges that a ban on the internet may be necessary for some participants who originally used the internet in the commission of their crimes, but asserts that an across-the-board ban on the internet, computers, laptops, tablets, and other electronic devices is not narrowly tailored to help the individuals with the underlying issues. Plaintiff asserts that SVPTP participants should have access to computers and the internet for computer literacy prior to being released back into society. Plaintiff also complains about restrictions on personal movies, toll-free numbers, and televisions. Plaintiff argues that these restrictions are a violation of his First, Eighth, and Fourteenth Amendment rights. Plaintiff asks that an injunction against Defendants be ordered, an admission of guilt be signed by Defendants, an apology letter be issued to Plaintiff, and any other remedies deemed appropriate by the court. See Am. Compl. (ECF No. 1-1, pp. 73-79 in the 2043 case).

**III.    DISCUSSION**

Rule 42(a) of the Federal Rules of Civil Procedure provides,

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the

actions; it may order all the actions consolidated; and it may make such orders
concerning proceedings therein as may tend to avoid unnecessary costs or delay.
Whether common questions of law or fact exists is a threshold determination when deciding a

motion to consolidate.   See, e.g. Carolina Cargo, Inc. of Rock Hill v. Countrywide Payroll & HR

Sols., Inc., Nos. 0:16-cv-03249-JMC; 0:15-cv-04629-JMC, 2017 WL 1314239, at *1-2 (D.S.C. Feb.

10, 2017); United States ex rel. Sprinkle Masonry, Inc. v. THR Enters., Inc., Nos. 2:14cv251;

2:14cv252, 2014 WL 4748527, at *2 (E.D. Va. Sept. 23, 2014); see also 9A Charles Alan Wright

et al., Federal Practice and Procedure § 2382 (3d ed. 2021) ("[O]nly those actions having a common

question of law or fact may be consolidated[.] ... Consolidation must be denied if there is no

common question of law or fact tying the cases together.").

Defendants argue that the two cases involve common issues of law and fact.  The issues of

fact in the two cases are not similar.  In the 2042 case, Plaintiff complains of being denied certain

written materials and not being allowed to publish a newsletter to other participants in the SVPTP.

In the 2043 case, Plaintiff complains of being denied access to the internet, computers, toll-free

numbers and movies.  Further, only two Defendants–CCRS and Erin Gaffney–are named in both

cases.  The 2042 case has five other Defendants–Lisa Young, Ray Walker, Lenoka Gavin, Hodiyah

Lewis, and Jill Cardaron–and the 2043 case has four other Defendants–Brian Davis, Jared Anderson,

Doctor Dubie, and Gina Brisson.  Nevertheless, common issues of law exist in both cases.  In both

cases, Plaintiff alleges that Defendants have violated his First and Fourteenth Amendment rights as

a civilly committed individual in the SVPTP by confiscating or banning certain items.  Thus, the

parties will be required to address the same legal issues in both cases.

Once a motion to consolidate "meet[s] the threshold requirement of involving a common

question of law or fact, ... then whether to grant the motion becomes an issue of judicial discretion."

Moore v. BPS Direct, LLC, No. 2:17-CV-03228-RMG, 2019 WL 7762196, at *1 (D.S.C. Feb. 8,

2019) (citation and internal quotation marks omitted); see A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under [Rule] 42(a) to consolidate causes pending in the same district."). If this threshold requirement is met, "proper application of Rule 42(a) requires the district court to determine 'whether the specific risks of prejudice and possible confusion' from consolidation '[a]re overborne by the risk of inconsistent adjudications, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.' " Campbell v. Bos. Sci. Corp., 882 F.3d 70, 74 (4th Cir. 2018) (ellipsis omitted) (quoting Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), rev'd on other grounds, 712 F.2d 899 (4th Cir. 1983) (en banc)). These factors weigh in favor of consolidation for the purposes of discovery and dispositive motions. Though there does exist a risk of possible confusion at trial from consolidating the two cases since not all of the factual allegations apply to all of the Defendants, the burden on parties, witnesses, and judicial resources would be lessened by consolidating these two cases because much of the discovery and briefing of dispositive motions will be the same for both cases. For these reasons, thus, the court finds it proper to consolidate these cases for discovery and dispositive motions, and will reserve a ruling on whether to also consolidate them for purposes of trial following a ruling on dispositive motions.

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Consolidate (ECF No. 13) is **GRANTED** in part. The 2042 case and the 2043 case are consolidated for the purposes of discovery and filing of dispositive motions. The 2043 case shall be designated the lead case and all future filings should be filed in that case. Defendant's Motion for Extension of Time (ECF No. 44) is

**GRANTED**.  The dispositive motion deadline is extended to February 21, 2023.

      **IT IS SO ORDERED**.


              s/Thomas E. Rogers, III
              Thomas E. Rogers, III
              United States Magistrate Judge

January 17, 2023
Florence, South Carolina